UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil No. 1:22-cv-00429

| | |
|---|---|
| MICHAEL DUNN, | ) |
| Plaintiff, | ) |
| v. | ) COMPLAINT |
| TECHNIMARK, LLC, | ) |
| Defendant. | ) |

Plaintiff, Michael Dunn ("Dunn" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Technimark, LLC ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Bear Creek, North Carolina.

4. Defendant is a foreign limited liability company registered and in good standing in the State of North Carolina.

1

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6. This Court has personal jurisdiction because Defendant conducts business in Asheboro, North Carolina, which is located in Randolph County, which is within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts or omissions alleged occurred in Asheboro, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the

meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

12. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

13. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

14. Defendant is a global leader and manufacturer of high-value injection-molded packaging and components serving the consumer packaging, healthcare, and industrial markets.

15. Defendant classified Dunn as a contractor beginning in March 2002 until approximately mid-2013. Around mid-2013, Defendant classified Dunn as an employee and began paying him hourly. Dunn held the role of Switcher/Fork Lift Driver. Dunn voluntarily ended his employment with Defendant on September 10, 2021.

16. As a Switcher/Fork Lift Driver, Defendant required Dunn to load and unload inventory at Defendant's manufacturing/distribution facilities located in Asheboro, North Carolina. Defendant required Dunn to transport the inventory from the manufacturing facilities to Defendant's storage facilities also located in Asheboro, North Carolina. Defendant required Dunn to unloaded the inventory at the storage facility.

17. At all relevant times, Defendant classified Dunn as a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed over 40 hours in a workweek.

18. Defendant employed Dunn during the FLSA's statutory period preceding the

filing of this Complaint.

19. At all relevant times, Defendant paid Dunn an hourly rate.

20. Defendant did not record the hours Dunn worked.

21. Defendant's distribution manager, Mike Depuy, established Dunn's schedule. Dunn typically worked from 9:00 a.m. until about 6:00 p.m. Monday through Friday. Defendant did not provide Dunn with a paid lunch break. Dunn additionally worked from approximately 9:00 a.m. to approximately 2:00 p.m. on Saturdays and from approximately 6:00 a.m. to approximately 2:00 p.m. on Sundays. Dunn's departure time on the weekends depended on the amount of work that needed to be completed. Dunn estimates he worked between 55 and 65 hours per week during 2019. Dunn estimates he worked between 45 and 55 hours during 2020 and 2021.

22. Defendant paid Dunn his straight-time rate for all hours worked in each workweek.

23. Dunn estimates he worked more than 2,340 hours of unpaid overtime during the three-year period preceding the filing of this Complaint.

24. Defendant knew that Dunn worked unpaid regular and overtime hours because Defendant scheduled Dunn's to work more than 40 hours in each workweek during the three year period preceding the filing of this Complaint. In addition, Dunn asked his supervisor if he should be receiving the overtime premium of time and one-half his straight time rate. Dunn's supervisor told Dunn he should be receiving overtime pay.

25. Defendant failed to pay Dunn the overtime premium required by the FLSA for all hours worked in excess of forty in each workweek.

26. Defendant's failure to pay Dunn the overtime premium required by the FLSA was willful.

### Plaintiff's First Cause of Action
### (Violation of FLSA—Overtime)

27. Plaintiff incorporates by reference paragraph 1-26 of his Complaint.

28. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

29. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

30. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

31. Defendant's violation of the FLSA was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)  An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b)  An Order awarding the costs of this action;

c)  An Order awarding reasonable attorneys' fees;

d)  A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e)  An Order awarding pre-judgment and post-judgment interest at the highest ratesallowed by law; and

f)  An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 7th day of June, 2022.

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*

6